**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CR-17-254-SLP |
| TYRONE LEROY OUTLEY, | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion under Rule 60(b)(3) alleging Fraud on the Court [Doc. No. 188]. The Motion is fully briefed. *See* Government's Resp. [Doc. No. 190]; Def.'s Reply [Doc. No. 191]. For the reasons that follow the Motion is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[1]

## I. Background

Defendant was convicted, after jury trial, of various drug charges and sentenced to 360 months imprisonment. *See* Doc. Nos. 85, 136. His conviction and sentence were affirmed on direct appeal. *See* Doc. No. 162. Defendant then sought relief pursuant to 28 U.S.C. § 2255 and claimed that his defense counsel provided ineffective assistance. *See* Doc. No. 168. The Court denied relief and the Tenth Circuit dismissed Defendant's appeal of the denial. *See* Doc. Nos. 177, 178, 183. Defendant then filed a motion requesting judicial notice which the Court dismissed for lack of jurisdiction as an unauthorized second

[1] This case was transferred to the undersigned upon Judge Stephen P. Friot's transition to inactive senior status. *See* Doc. No. 189.

or successive § 2255 motion or, alternatively. as a petition brought pursuant to 28 U.S.C. § 2241 which must be filed in the district of confinement . *See* Doc. No. 186.

Defendant has now filed a Motion pursuant to Rule 60(b)(3) alleging fraud on the court. Specifically, Defendant claims that he was subject to a "bogus 'motion for order for writ of habeas corpus prosequendum'" and that the issuance of the writ of habeas corpus ad prosequendum in this case, *see* Doc. No. 5, is improper because it was issued pursuant to a motion, *see* Doc. No. 3, instead of "an application in the form of a petition." *See* Mot. at 2-3 (citing Doc. No. 188-6).

The Government has responded and argues that Defendant's Motion must be construed as a second or successive § 2255 motion over which this Court lacks jurisdiction. Alternatively, the Government argues the motion is untimely and further, that it lacks merit as "a writ of habeas corpus ad prosequendum is a well-founded part of the law." Resp. at 1-2.

## II. Discussion

A Rule 60(b) motion is a second or successive petition "'if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *In re Wesley*, 164 F.4th 1215, 1218 (10th Cir. 2026) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006)). But such a motion is a "true" 60(b) motion if it "'challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.'" *Id.*

Defendant's Rule 60(b) motion is wholly divorced from the claims raised in his

federal habeas proceeding and, therefore, it does not challenge a defect in the integrity of the federal habeas proceeding. Instead, his Motion purports to attack his underlying criminal prosecution based on an allegedly improperly issued writ of habeas corpus ad prosequendum. Accordingly, Defendant's motion is an unauthorized second or successive § 2255 motion. *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) ("[A] [Rule 60(b)] motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction."). This Court lacks jurisdiction to consider the Motion as Defendant has not obtained prior authorization from the Tenth Circuit to proceed. *See* 28 U.S.C. § 2255(h). Furthermore, the Court declines to transfer the matter to the Tenth Circuit, pursuant to 28 U.S.C. § 1631, as Defendant's Motion fails to satisfy the authorization requirements of § 2255(h).[2]

IT IS THEREFORE ORDERED that Defendant's pro se Motion under Rule 60(b)(3) alleging Fraud on the Court [Doc. No. 188] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability (COA) is DENIED.[3] A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant cannot satisfy the requirements for issuance of a COA. Therefore, a COA is DENIED and

---

[2] Because the Court finds it lacks jurisdiction to consider Defendant's Motion, the Court deems it unnecessary to address the Government's alternative grounds for denying the Motion.

[3] *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (a COA is required to appeal the court's dismissal of an unauthorized second or successive § 225 motion for lack of jurisdiction).

the denial shall be included in the judgment.

IT IS SO ORDERED this 15th day of October, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**